23-6243-cr
*United States v. Gonzalez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-five.

PRESENT:  DENNIS JACOBS,
 SARAH A. L. MERRIAM,
  *Circuit Judges*,
 LAWRENCE J. VILARDO,
  *District Judge*.*

_____

UNITED STATES OF AMERICA,

 *Appellee*,

 v.                                            23-6243-cr

RONNIE GONZALEZ, a/k/a Satan,

 *Defendant-Appellant*,

GREGORY REED, a/k/a Sharky; JOHN JOHNSON,

---

* Judge Lawrence J. Vilardo of the United States District Court for the Western District of New York, sitting by designation.

*Defendants.*

_____

FOR DEFENDANT-APPELLANT:   SARAH BAUMGARTEL, of counsel, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:   NATHAN REHN (Adam Sowlati, Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J., sitting by designation*).

**UPON DUE CONSIDERATION,** the amended judgment of the District Court entered on March 2, 2023, is **AFFIRMED**.

In 2012, a jury convicted defendant-appellant Ronnie Gonzalez of all three counts brought against him: Count One, conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §1951; Count Two, attempted Hobbs Act robbery, in violation of 18 U.S.C. §1951 and 18 U.S.C. §2; and Count Three, use of a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. §924(j) and 18 U.S.C. §2.  The District Court sentenced Gonzalez principally to 20 years of imprisonment on Count One, 20 years of imprisonment on Count Two, and 30 years of imprisonment on Count Three, all terms to run concurrently.  Then-District Court Judge Richard J. Sullivan presided over both the trial and sentencing.

In 2015, Gonzalez filed a petition for habeas corpus relief, asserting that he had received ineffective assistance of counsel at trial and on direct appeal.  He later moved to

2

amend his pending habeas petition to challenge his conviction under §924(j) in light of recent Supreme Court decisions finding that attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery are not categorical crimes of violence sufficient to support a §924(j) charge. With the agreement of the government, the District Court vacated Count Three (the §924(j) conviction) and conducted a *de novo* resentencing on Counts One and Two. Judge Sullivan, still presiding over the matter – at that point, by designation – resentenced Gonzalez to 20 years of imprisonment on Count One and six years of imprisonment on Count Two, to run consecutively.

Gonzalez appeals from the March 2, 2023, amended judgment. He contends, *first*, that Judge Sullivan, who was appointed to the Second Circuit in 2018, lacked the statutory and constitutional authority "to act as a district judge in 2023, when he resentenced Gonzalez," and, *second*, that the District Court procedurally erred in its calculation of the Sentencing Guidelines range. Gonzalez Br. at 23, 46. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we refer to only as necessary to explain our decision to affirm.

## I.  Designation of Judge Sullivan to the Southern District of New York

Gonzalez challenges the designation of Judge Sullivan to the Southern District of New York; that challenge is foreclosed by our recent decision in *United States v. Bradley*, 124 F.4th 106 (2d Cir. 2024). In *Bradley*, we rejected the appellant's challenge to Judge Sullivan's designation to the District Court, holding that the designation did not violate the Appointments Clause of the Constitution, and determining that the 2023 designation

3

order conformed to the requirements of 28 U.S.C. §291(b). *See Bradley*, 106 F.4th at 109-12.

This Court ordered the parties to submit letters addressing the impact of *Bradley* on Gonzalez's claims. In response, Gonzalez states: "[W]hile Gonzalez maintains these arguments for purposes of preservation and further review, they are now foreclosed by circuit precedent." Gonzalez Letter at 2, *United States v. Gonzalez*, No. 23-6243, ECF No. 49 (Jan. 22, 2025). We find no basis for reversal based on the designation argument.

## II. Application of Cross-Reference to the Offense Level for Murder

"A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "We review the district court's findings of fact at sentencing for clear error, and its application of the Guidelines de novo." *United States v. Diamreyan*, 684 F.3d 305, 308 (2d Cir. 2012) (per curiam).

Gonzalez contends that the District Court erred in applying Guidelines §2B3.1(c)(1) which provides: "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. §1111 . . . , apply §2A1.1 (First Degree Murder)." Although Gonzalez acknowledges that a victim was killed during the attempted robbery, he contends that the cross-reference is inapplicable because the "killing should not have qualified as Gonzalez's own 'relevant conduct'" under the Guidelines. Gonzalez Br. at 47.

Gonzalez was convicted of Counts One and Two based on his participation in the planning and execution of an attempted armed robbery of two men in the lobby of an

4

apartment building. During the robbery, Gonzalez stood outside the building as a lookout. Inside, Gonzalez's co-defendants, Gregory Reed and John Johnson, confronted the victims and, during the course of the robbery, Johnson shot and killed one of the robbery victims. Gonzalez contends that the killing was not "relevant conduct" for him because he never agreed or intended for anyone to get shot.

Where a defendant participates in "jointly undertaken criminal activity," the Guidelines – including the applicability of any cross-references – are determined based on "relevant conduct," which includes the defendant's own actions as well as

> all acts and omissions of others that were –
>     (i) within the scope of the jointly undertaken criminal activity,
>     (ii) in furtherance of that criminal activity, and
>     (iii) reasonably foreseeable in connection with that criminal activity;
> that occurred during the commission of the offense of conviction . . . .

U.S.S.G. §1B1.3(a)(1)(B).

There is no requirement in this definition or in our precedent that a defendant must *expect* or *intend* a death to occur in the course of a robbery he helped to plan and execute for that death to qualify as relevant conduct. Rather, the question is whether the shooting that caused the death was "within the scope" of the robbery conspiracy and "reasonably foreseeable" to Gonzalez. It was.

In *United States v. Pica*, we confronted a very similar challenge. *See* 106 F.4th 197 (2d Cir. 2024). Pica, like Gonzalez, was convicted of conspiracy and attempt to commit Hobbs Act robbery, having helped to plan a robbery and having acted as a lookout during its execution. *See id.* at 199. A victim was killed by one of Pica's co-defendants during the robbery. Pica challenged the application of the cross-reference in

§2B3.1(c)(1) on substantially the same basis as does Gonzalez: that he never intended for anyone to get shot. *See id.* at 201. We concluded that even though Pica had instructed his co-conspirator "not to harm the victim and hoped that such harm would not occur," that did "not absolve him of responsibility for the consequences of his jointly undertaken criminal activity." *Id.* at 203-04.

Our decision in *Pica* is directly on-point[1] and controls the outcome here. Gonzalez planned and agreed to commit an armed robbery. He participated in that armed robbery as a lookout. Gonzalez was unarmed, but it is undisputed that he knew that his co-conspirators would be carrying guns when they entered the building to commit the robbery he helped to plan. Just as in *Pica*, Gonzalez agreed to participate and participated in "an inherently violent crime involving a deadly weapon," *Pica*, 106 F.4th at 204, so the murder was reasonably foreseeable to him. And as was true in *Pica*, the killing committed by Gonzalez's co-conspirator was "within the scope of the jointly undertaken criminal activity" and "in furtherance" of that activity. U.S.S.G. §1B1.3(a)(1)(B). Accordingly, the killing constituted relevant conduct, and the District Court was correct to apply the cross-reference under §2B3.1(c)(1) to the offense level for murder. On *de novo* review, we find no error in the calculation of the Guidelines range.

\* \* \*

---

[1] Although *Pica* was decided on plain error review, it did not rest on that deferential standard. To the contrary, *Pica* concludes: "In sum, we discern no error, much less plain error, in the district court's" determination that the murder "was relevant conduct pursuant to U.S.S.G. §1B1.3(a)(1)(B), triggering application of the first-degree murder Guideline." 106 F.4th at 204.

We have considered Gonzalez's remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court